OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Warren County Court of Common Pleas granting the motion to suppress of defendant-appellee, Robert Thomas.[1]
We reverse the common pleas court's decision.
 {¶ 2} In June 2003, Hamilton Township Police Officers Short and Ramby arrived at a United Dairy Farmers store in Maineville for a coffee break. Deputy Crooks of the Warren County Sheriff's Office arrived a short time later. Officer Short and Deputy Crooks noticed appellee's car parked in the UDF lot, approximately five or six feet from the curb. Appellee was sitting behind the wheel of the car next to a female passenger. While the officers were in the store, the store clerk informed them that he saw appellee drive into the parking lot. According to the clerk, appellee appeared to be intoxicated when he entered the store.
 {¶ 3} The officers left the store and approached appellee, who had exited his car. Upon speaking to him, the officers noticed a smell of alcohol. The officers also noticed that appellee's eyes were bloodshot and glassy, he was slurring his speech, and he was having difficulty understanding simple questions. When asked whether he had been drinking, appellee did not directly respond, but stated that he was going to call a cab. He eventually admitted to Officer Short that he had a few drinks. Appellee refused to take a breathalyzer test or submit to field sobriety tests. Based on the officers' observations, Officer Short arrested appellee for driving under the influence.
 {¶ 4} In August 2003, appellee was indicted for driving under the influence in violation of R.C. 4511.19(A)(1). The offense was a third-degree felony due to appellee's prior DUI convictions.
 {¶ 5} Appellee filed a motion to suppress in October 2003, arguing that the officers did not have probable cause to arrest him. The common pleas court held a hearing on appellee's motion. Relying on Oregon v. Szakovits (1972), 32 Ohio St.2d 271, the common pleas court granted appellee's motion. The court ordered that "the evidence of intoxication, statements of the defendant or any physical evidence seized should be suppressed."
 {¶ 6} The state now appeals, assigning the following two errors:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The trial court used the incorrect standard of law in determining that there was no probable cause to arrest the defendant for driving under the influence."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The trial court used the wrong standard of law in determining the weight to be applied to the tip by the informant."
 {¶ 11} In both assignments of error, the state argues that the common pleas court erred in granting appellee's motion to suppress. The state argues that the officers had probable cause to arrest appellee for DUI. Because the state's assignments of error are closely related to each other, we will address them together.
 {¶ 12} When reviewing a trial court's decision on a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Bell, Preble App. No. CA2001-06-009, 2002-Ohio-561, citing State v. Retherford (1994),93 Ohio App.3d 586, 593. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. State v. Anderson
(1995), 100 Ohio App.3d 688, 691.
 {¶ 13} In granting appellee's motion to suppress, the common pleas court applied Szakovits and State v. Applegate (Sept. 21, 1992), Butler App. No. CA92-03-054. In Applegate, this court stated that Szakovits set forth the following three guidelines for evaluating DUI arrests: (1) each drunk driving case must be decided on its own particular and peculiar facts; (2) chronology is an important element in DUI cases, and a relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating the vehicle; and (3) although a DUI charge may apply where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle. Id. The common pleas court found that "the [s]tate has factually failed to meet its burden as to guidelines 2 and 3 ofSzakovits."
 {¶ 14} We find that the common pleas court erred in applyingSzakovits and did not apply the appropriate standard when ruling on appellee's motion. We additionally note that this court's reliance on Szakovits in Applegate was incorrect. A close reading of Szakovits reveals that the court in that case did not establish guidelines for reviewing DUI arrests. The court in Szakovits merely restated certain principles previously stated in Mentor v. Giordano (1967), 9 Ohio St.2d 140, for DUI cases involving stationary vehicles. Giordano involved the review of a DUI conviction and whether there was sufficient evidence for that conviction. When Giordano discussed the "beyond a reasonable doubt" standard, it was referring to the review of a conviction, not the review of a probable cause determination in a motion to suppress case. See Giordano at 144-146.
 {¶ 15} The common pleas court should have used the following standard when determining whether the officers had probable cause to arrest appellee for DUI: whether, at the moment of arrest, the officers had sufficient information derived from a reasonably trustworthy source to cause a prudent person to believe that the suspect was driving under the influence. State v. Homan,89 Ohio St.3d 421, 427, 2000-Ohio-212. A trial court should make this determination based on the totality of the surrounding circumstances. Id.
 {¶ 16} We also note that the common pleas court did not discuss in its decision the weight to be given informants' tips. When an informant's tip is the basis for police information, the reasonable suspicion the tip creates will be limited to the weight and credibility of the tip. Maumee v. Weisner,87 Ohio St.3d 295, 299, 1999-Ohio-68. The trial court must inquire whether the tip was reliable by considering factors such as veracity, reliability, and the basis of the knowledge. Alabamav. White (1990), 496 U.S. 325, 328, 110 S.Ct. 2412. The reliability of an informant's tip is also based on the type of informant, with the identified citizen being the most reliable.Weisner at 300. "A tip from a citizen-informant, who identifies herself to law enforcement and clearly reports what she has just witnessed * * * is presumptively reliable." State v. Reed
(Sept. 11, 2000), Clermont App. No. CA99-11-102, 2000 WL 1290388, at *5.
 {¶ 17} Deputy Crooks testified at the motion to suppress hearing that he knew the store clerk by name, and that he had received reliable information from him in the past, "pretty much every time." Officer Short also testified that the store clerk had provided reliable information in the past.
 {¶ 18} Applying the appropriate probable cause standard and the relevant law concerning informants' tips, we find that the officers had probable cause to arrest appellee for DUI. Though appellee compares this case to Applegate, that case is distinguishable. In Applegate, the officers did not see the defendant driving and had no information that the defendant had driven his pick-up while intoxicated. In this case, the officers had information from a reliable, identified informant who said that he saw appellee drive into the parking lot, and that appellee appeared to be intoxicated when he subsequently entered the UDF. The officers' observations of appellee's intoxication supported the informant's statements. Further, according to Officer Short, appellee himself stated that he had a few drinks.
 {¶ 19} It is true that the state did not establish exactly how much time had elapsed between when the informant saw appellee drive into the parking lot and when the officers arrived at the scene. However, the state did not need to establish the precise chronology of events at this stage of the proceedings. The state did not need to establish guilt "beyond a reasonable doubt," but only probable cause for an arrest. While there may or may not be sufficient evidence to support a DUI conviction, we find that there was probable cause for the officers to arrest appellee for DUI.
 {¶ 20} Accordingly, we sustain the state's two assignments of error. We reverse the common pleas court's judgment and remand the case to the common pleas court for further proceedings consistent with this opinion.
Young, P.J., and Valen, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this case from the accelerated calendar.