OPINION
{¶ 1} Defendant-appellant, Mark B. Plunkett, appeals a decision of the Warren County Court of Common Pleas overruling his motion to suppress evidence obtained from field sobriety and breath alcohol tests in connection with a traffic stop. We affirm in part, reverse in part, and remand.
 {¶ 2} On May 19, 2006, Officer Brian Wanless of the Clearcreek Township Police *Page 2 
Department initiated a traffic stop after observing appellant's vehicle traveling on Township Line Road at speeds in excess of the posted 55 m.p.h. limit. Wanless eventually caught up to appellant's vehicle as it was pulling into a private driveway on Old State Route 122. He activated his cruiser lights and followed the vehicle down the driveway. Appellant finally stopped when Wanless put his spotlight on the vehicle. Upon exiting his cruiser and approaching the vehicle, Wanless noticed that appellant's eyes were watery and sensitive to light and his pupils were dilated. Wanless also detected the odor of alcoholic beverage on or about appellant. Appellant initially denied having anything to drink, but eventually admitted to consuming a few alcoholic beverages that evening. After administering field sobriety tests, Wanless arrested appellant and transported him to the Warren County Jail. There, appellant submitted to a breath alcohol test ("BAC test") administered by Officer Richard Warnecke. The test result indicated that the sample provided by appellant contained .121 grams of alcohol per 210 liters of breath.
 {¶ 3} Appellant was charged with one count of operating a vehicle under the influence of alcohol (hereinafter "OVI impaired") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; one count of operating a vehicle with a blood alcohol concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath (hereinafter "OVI blood alcohol content") in violation of R.C. 4511.19(A)(1)(d), a first-degree misdemeanor; and one count of speeding in violation of R.C. 4511.21(D)(1), a minor misdemeanor.
 {¶ 4} In May 2006, appellant moved to suppress the evidence obtained in connection with the traffic stop. Following a hearing, the trial court denied the motion. In January 2007, appellant pled no contest to the OVI blood alcohol content charge and the speeding charge in exchange for dismissal of the OVI impaired charge. Appellant was sentenced to three days in jail, a $250 fine, one year of probation, and a six-month license suspension. The *Page 3 
sentence was stayed pending this appeal, in which appellant raises one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 7} Appellant contends that the results of the field sobriety tests should have been suppressed because the tests were not conducted in substantial compliance with National Highway Traffic Safety Administration ("NHTSA") standards. Appellant also argues that the results of the BAC test should have been suppressed because the test was not administered in substantial compliance with Ohio Department of Health ("ODH") regulations.
 {¶ 8} Appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 329, 332. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Bryson (2001), 142 Ohio App.3d 397, 402. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 9} We first address appellant's argument that the results of the field sobriety tests warranted suppression.[1] Appellant attempts to raise specific issues regarding the field sobriety tests on appeal by citing omissions in Wanless' testimony involving the instructions given to appellant during the tests, rather than questioning Wanless directly about these omissions on cross-examination. We observe that Wanless testified that the field sobriety tests were conducted in substantial compliance with NHTSA standards. Appellant did not *Page 4 
object to this assertion by Wanless. Appellant had the opportunity to cross-examine Wanless about the manner in which the field sobriety tests were conducted, but failed to elicit any testimony to counter Wanless' assertion that the field sobriety tests were performed in substantial compliance with NHTSA standards. The record is therefore devoid of evidence showing that Wanless failed to conduct the tests in accordance with the applicable law. The trial court's findings in support of the field sobriety tests were supported by competent, credible evidence. Based upon the testimony adduced at the hearing, the trial court was within its discretion in concluding that Wanless substantially complied with NHTSA standards.
 {¶ 10} Next we address appellant's argument that the results of the BAC test should have been suppressed. Initially, we observe that Crim.R. 47 provides that a motion in a criminal proceeding "shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought." The Ohio Supreme Court addressed the implications of this rule on motions to suppress evidence in driving under the influence cases in State v. Shindler, 70 Ohio St.3d 54,1994-Ohio-452. The Shindler court held that, in order to be entitled to a hearing on a motion to suppress evidence, a defendant "must state the motion's legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Id. at syllabus.
 {¶ 11} Once a defendant satisfies his initial burden and thereby places the prosecutor and the court on sufficient notice of the issues to be determined at the suppression hearing, the burden of proof shifts to the state. City of Xenia v. Wallace (1988), 37 Ohio St.3d 216, 220. When a defendant disputes the validity of a BAC test the state has the burden to show that the test was administered in substantial compliance with ODH regulations. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, ¶ 27. However, the extent of the state's burden depends upon the level of specificity with which the defendant challenges the legality of the BAC test. In other words, as this court observed inState v. Jimenez, Warren App. No. *Page 5 
CA2006-01-005, 2007-Ohio-1658:
 {¶ 12} "When the language in the motion to suppress raises only general claims, even though accompanied by specific administrative code subsections, then there is only a slight burden on the state to show, in general terms, compliance with the health regulations." Id. at ¶ 25.
 {¶ 13} Appellant invites us to lower this "slight burden" standard by overruling cases handed down by this court which impose a duty on the defendant to make more specific challenges should he seek to elicit specific facts from the state going to the admissibility of a BAC test. See, e.g., State v. Johnson (2000), 137 Ohio App.3d 847, 851; State v.Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324, ¶ 12; State v.Nicholson, Warren App. No. CA2003-10-106, 2004-Ohio-6666, ¶ 12;State v. Stendahl, Warren App. No. CA2005-03-034, 2005-Ohio-7027, ¶ 11;Jimenez at ¶ 25. We decline this invitation. These cases were appropriately decided and represent an accurate statement of the law that is not in conflict with Ohio jurisprudence.
 {¶ 14} This court has repeatedly been faced with cases wherein the defendant files a "shotgun" or boilerplate motion to suppress evidence. Such motions merely contain a laundry list of every fathomable defect in the collection of evidence in an OVI case. For example, inStendahl, this court was astonished to find that the motion to suppress evidence in that case challenged field sobriety tests which were never even performed. Id. at ¶ 3, fn. 1.
 {¶ 15} Appellant's motion to suppress, amounting to nearly 11 pages along with its accompanying memorandum of law, is similarly broad. The motion begins by generally listing the evidence which appellant seeks to have suppressed, including field sobriety and BAC tests and observations of the police.[2] This is followed by eight vague grounds upon which *Page 6 
the suppression motion is based, including, inter alia, lack of substantial compliance with ODH regulations in administering the BAC test and lack of substantial compliance with NHTSA standards in conducting the field sobriety tests.[3]
 {¶ 16} Appellant's memorandum of law in support of the motion is entirely comprised of boilerplate language relaying the applicable legal concepts. The memorandum also includes the only paragraph of facts specific to the case, albeit extremely succinct:
 {¶ 17} "Mr. Plunkett was stopped for an alleged violation of Speeding while operating his vehicle on Township Road in the Township of Clearcreek, Warren County, Ohio. Mr. *Page 7 
Plunkett was also cited for DUI and his license was seized." This statement does not raise one single "factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." Shindler at syllabus.
 {¶ 18} However, appellant's motion to suppress was sufficient underShindler to put the prosecutor and the court on notice that appellant wished to generally challenge the BAC test. See Shindler at syllabus. See, also, Embry. Likewise, Warnecke's testimony was sufficient to satisfy the state's slight burden to show that the BAC test was conducted in substantial compliance with the majority of the applicable ODH regulations. On direct examination, Warnecke testified that he administered the BAC test to appellant, that he had been trained in the operation of the BAC DataMaster, that he was a certified senior operator of the machine, and that he was trained in the proper administration of the BAC test. He also stated that he followed the Ohio rules for proper administration of the test, that he was satisfied that the machine was in proper working order, and that he had a copy of the results of appellant's test with him at the hearing. These answers were given by Warnecke without any objection by appellant.
 {¶ 19} Defense counsel's minimal cross-examination of Warnecke amounted to only three pages in the trial transcript. The specific issues that were raised by defense counsel on cross regarding the BAC test were the following: whether Warnecke calibrated the BAC test machine prior to administering appellant's test, on what date the machine was last calibrated and the results of that calibration, whether Warnecke was responsible for calibrating the machine, the storage location of the solution used to calibrate the machine, the age of the solution prior to appellant's test, repairs currently being performed on the machine, whether the machine was repaired prior to appellant's test, the length of time that records of past calibrations and BAC tests were retained, and the location of the operational manual for the machine. Appellant's sweeping motion to suppress did not notify the prosecution and the *Page 8 
court of these specific issues on the BAC test.
 {¶ 20} In addition, appellant's arguments on appeal regarding the BAC test enumerate specific issues that were not mentioned at the suppression hearing. These include: whether the instrument was checked for radio frequency interference using the required hand-held radio normally used by the Clearcreek Township Police Department, whether Warnecke observed appellant for 20 minutes immediately preceding the BAC test, and whether the machine was checked before being used on appellant after returning from its last service or repair. Such issues were vaguely raised in appellant's broad motion to suppress, but were pinpointed for the first time subsequent to the hearing in the absence of any testimony relating to these issues at the hearing itself.
 {¶ 21} Where, as here, a motion to suppress evidence only raises general claims and specific claims are raised during the suppression hearing, the state is not on notice of the specific claims and is deprived of the opportunity to present evidence on them. Cf. State v.Neuhoff (1997), 119 Ohio App.3d 501, 505. A defendant then may unjustly cite the state's inability to respond to those specific claims as a basis for granting the motion to suppress.
 {¶ 22} If a defendant's claims are meritorious, the motion to suppress should be granted. However, the state must have the opportunity to intelligently respond in an informed manner to the specific claims. If not, a defendant may file a generalized motion to suppress evidence, use the suppression hearing as a substitute for formal discovery, and when specific issues are joined merely rely upon the state's inability to adequately address those issues as a basis for granting the suppression motion.
 {¶ 23} A motion to suppress evidence in this kind of case is not designed to be a game of hide and seek to see if the state fails to give testimony on every issue raised in the broad motion. Here, the focus is a search for the truth to ascertain whether the BAC test was administered correctly. Both parties should have the opportunity to develop this issue and *Page 9 
unearth the truth so that the trial court may rightly determine whether the suppression motion should be granted.
 {¶ 24} We hold that when a defendant files a motion to suppress containing only general claims and specific issues are joined during the suppression hearing, it is proper for the trial court to continue the hearing in progress to allow the state the opportunity to present evidence to address the specific issues. Likewise, during the period of the continuance, the defendant will be permitted to gather and present rebuttal evidence on these specific issues.
 {¶ 25} In the case sub judice, appellant's broad motion to suppress included absolutely no supporting factual bases specific to this case other than the brief paragraph quoted above which did not include substantive evidence of the alleged violations perpetrated by the state. This court has previously held that, in order to raise the "slight burden" on the state to respond to a general motion to suppress, a defendant must provide some factual basis to support a claim that an ODH regulation was not followed. Expounding on this, we noted:
 {¶ 26} "One way this factual basis can be obtained is during cross-examination at the hearing on the motion. A defendant who files a boilerplate motion with a bare minimum factual basis will need to engage in cross-examination if he wishes to require the state to respond more than generally to the issues raised in the motion. Furthermore, merely asserting during cross-examination that the possibility exists that a very specific aspect of the regulation was not followed, without a factual basis to support the assertion, will not increase the burden on the state. Another, and in our view the best, way to obtain a specific factual basis that will increase the burden on the state to respond is by conducting formal discovery." Embry at ¶ 27-28.
 {¶ 27} As the three-page cross-examination of Warnecke demonstrates, appellant utilized cross-examination in an abbreviated manner and then relied upon the implicit *Page 10 
omissions in Warnecke's testimony to support his assertions of noncompliance with ODH regulations on appeal. Appellant neglected to assert factual bases during cross to support that certain aspects of the ODH regulations were not followed. In addition, appellant did not avail himself of formal discovery to adduce all of the necessary facts to support his assertion that the ODH regulations were not followed.
 {¶ 28} The specific issues pertaining to the BAC test that were brought out during cross and the additional specific issues that appellant referenced on appeal, of which the state had no notice prior to the hearing, involved exactly how the BAC test was administered to appellant by Warnecke and how the ODH regulations may not have been followed in Warnecke's administering of the test to appellant. Cf.State v. Stoner, Ottawa App. No. OT-05-042, 2006-Ohio-2122, ¶ 27. At the commencement of the suppression hearing, the state noted that appellant's counsel had filed a shotgun motion to suppress which did not notify the state as to the precise issues which were intended to be addressed by the motion. The state requested that appellant's counsel specify exactly what issues he would be challenging. When asked by the trial court whether he would like to supplement the factual matter in the motion to suppress, appellant's counsel declined to elaborate any specific issues and stood on the motion as written.
 {¶ 29} Defense counsel's narrow questioning of Warnecke regarding the repairs being performed on the BAC machine at the time of the hearing did not reveal just how the repairs may have indicated noncompliance with the applicable ODH regulations. At most, the questioning amounted to a general attack upon the reliability and accuracy of the BAC machine. Under Ohio law, such a general attack is not permissible.State v. Vega (1984), 12 Ohio St.3d 185, 190. Where the record contains no evidence that a particular ODH regulation was violated, evidence suggesting that the BAC machine was not in proper working order on the date of the defendant's test is irrelevant to the admissibility of the test *Page 11 
results. State v. Luke, Franklin App. No. 05AP-371, 2006-Ohio-2306, ¶ 31.
 {¶ 30} We observe that Warnecke's testimony did not adequately address one issue. This issue involved the age of the calibration solution. Ohio Adm. Code 3701-53-04(C) provides that "[a]n instrument check solution shall not be used more than three months after its date of first use, or after the manufacturer's expiration date (one year after manufacture) whichever comes first." Warnecke was unable to answer how old the calibration solution was upon questioning. There is nothing in the record to indicate that any batch certificates on the solution used in appellant's BAC test were offered into evidence by the state.[4] The age of the calibration solution thus remains an open issue requiring scrutiny before the trial court to determine whether the state substantially complied with Ohio Adm. Code 3701-53-04(C).
 {¶ 31} The state was not put on notice of this specific issue pertaining to the BAC test by appellant's generalized motion to suppress, and was unprepared to put on evidence to address it. At the time the issue was specifically raised during the hearing, it would have been appropriate for the trial court to continue the hearing in progress to permit the state the opportunity to gather evidence on the issue and the defense to gather rebuttal evidence on the same.
 {¶ 32} Rather than continue the case, the trial court completed the hearing on appellant's motion to suppress. In response, we adopt the remedy imposed by the Second Appellate District in the case In reJ.C., 173 Ohio App.3d 405, 2007-Ohio-5763, ¶ 15, and remand the present matter for an additional hearing on appellant's suppression motion on the issue of whether the results of the BAC test should be suppressed due to the age of the calibration solution. On remand, the trial court may suppress the results of the BAC test, but *Page 12 
only upon findings that the test was not performed in substantial compliance with Ohio Adm. Code 3701-53-04(C). See In re J.C. at ¶ 15.
 {¶ 33} Appellant's assignment of error is overruled as to the field sobriety tests. Appellant's assignment of error is sustained as to the BAC test on the issue of the age of the calibration solution.
 {¶ 34} The judgment of the trial court overruling appellant's motion to suppress the field sobriety tests is affirmed. The judgment of the trial court overruling appellant's motion to suppress the BAC test is reversed on the issue of the age of the calibration solution and the matter is remanded to the trial court to conduct an additional suppression hearing on that issue only.
 {¶ 35} Judgment affirmed in part, reversed in part, and remanded.
YOUNG, P.J., and POWELL, J., concur.
[1] We find it noteworthy that appellant did not assign as error on appeal the issue of whether there was probable cause for his OVI arrest. In the absence of such an assignment of error, appellant's challenge to the field sobriety tests is effectively moot. The field sobriety tests support the OVI impaired charge, which was dismissed as part of appellant's plea bargain. Due to the dismissal of this charge, the only relevant method by which to challenge the field sobriety tests would be to allege that Wanless lacked probable cause to arrest appellant for OVI in the first place. Had probable cause been found to be lacking, then there was no just cause to have appellant submit to the BAC test. Appellant, however, did not preserve this issue for appeal.
[2] The precise wording of the motion, in relevant part, is as follows: "Now comes the Defendant, through Counsel, and moves the Court to suppress evidence obtained from the warrantless seizure of the Defendant, including, but not limited to: 1. Tests of Defendant's coordination and/or sobriety and/or alcohol and/or drug level, including but not limited to bodily substance tests of Defendant's breath, blood or urine to determine the concentration of alcohol and/or drugs in Defendant's body. 2. Statements taken from or made by Defendant. 3. Observations and opinions of the police officers who stopped and/or arrested and/or conducted tests upon Defendant, regarding Defendant's sobriety and/or alcohol and/or drug level."
[3] The precise wording of the motion, in relevant part, is as follows: "Defendant submits that the burden is upon the State to justify the warrantless seizure of Defendant and why evidence gathered as a result of such seizure should not be suppressed on the following grounds: 1. The initial seizure of Defendant was accomplished in the absence of any reasonable and articulable suspicion that Defendant had violated, was violating or was about to violate any law or that Defendant's vehicle was otherwise subject to seizure, in `violation' of Defendant's rights under the Fourth and Fourteenth Amendments to the United States constitution and Article I, Section 14 of the Ohio Constitution. 2. In the absence of any reasonable and articulable suspicion that Defendant was operating a motor vehicle while under the influence of alcohol and/or drugs of abuse, police officers unjustifiably expanded their investigative stop of Defendant to require Defendant to perform a battery of so-called Field Sobriety tests, in violation of Defendant's rights under the Fourth andFourteenth Amendment, to the United States Constitution and Article I, Section 14
of the Ohio Constitution. 3. Said field sobriety tests were not conducted in strict compliance with the U.S. Department of Transportation National Highway Traffic Safety Administration Procedures and Protocols, as required by State v. Homan (2000), 89 Ohio St.3d 421, and, therefore, lack the scientific validity required to establish probable cause to arrest Defendant for driving under the influence. 4. Certain statements made by Defendant while in custody and in response to custodial interrogation, which the State may seek to use against Defendant, were made without benefit of counsel present and in the absence of the warning required by Miranda v. Arizona (1996),384 U.S. 436 in violation of Defendant's rights under the Fifth, Sixth andFourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution. 5. The officer incorrectly misstated the law when advising the Defendant of the implied consent warnings, thereby making the consent involuntary and, as a result, the evidence was unconstitutionally obtained under the Fourth Amendment to the United States Constitution. 6. The bodily substance test administered to Defendant was not done so in compliance with R.C.4511.19 and O.A.C. Chapter 3701. Any failure on the part of this Court to require the state to prove that bodily substance testing was performed in substantial compliance with R.C. 4511.19 and OAC Chapter 3701-53 would be an unconstitutional shifting of the burden of proof to the Defendant, in violation of Defendant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I, of the Ohio Constitution. 7. The Director of the Ohio Department of Health has abused his discretion in promulgating regulations for the testing of bodily substances for alcohol and/or drugs of abuse insofar as the Director's actions and/or inaction is not in accordance with law nor supported by the substantial evidence. 8. The results of bodily substance testing of Defendant for alcohol and/or drugs of abuse are inadmissible under Evid.R. 702 insofar as the methods employed fail to satisfy the accuracy and reliability requirements for the admissibility of scientific evidence."
[4] We note that the necessity for a continuance in cases such as this may be avoided if the state would offer documents into the record such as the calibration records for the instrument check immediately before and after the test was administered to the defendant in question, the most recent RFI test, the batch certificates for the batch used, the senior operator's certificate, the checklist for the test, and records of any repairs performed on the BAC machine within 30 days before or after the test was administered to the defendant in question. *Page 1