OPINION
{¶ 1} Defendant-appellant, Suzanne F. Deutsch, appeals a decision of the Warren County Court of Common Pleas overruling her motion to suppress the results of a breath alcohol test. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On the evening of June 13, 2007, Ohio State Highway Patrol Trooper Sydney Michael Steele responded to the scene of a motor vehicle collision in Deerfield Township. Based upon his observations, Trooper Steele arrested appellant and transported her to the *Page 2 
Ohio State Highway Patrol Post in Lebanon where he administered a breath alcohol content test ("BAC test"). The result of the test indicated that the sample provided by appellant contained .165 grams of alcohol per 210 liters of breath.
 {¶ 3} Appellant was charged with one count of operating a vehicle while under the influence of alcohol and/or drugs (hereinafter "OVI impaired") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; one count of operating a vehicle with a prohibited blood alcohol concentration (hereinafter "OVI blood alcohol content") in violation of R.C. 4511.19(A)(1)(d), a first-degree misdemeanor; and one count of failure to maintain an assured clear distance ahead (hereinafter "ACD") in violation of R.C. 4511.21(A), a minor misdemeanor.
 {¶ 4} On September 6, 2007, appellant moved to suppress the evidence obtained against her in connection with the investigation of the collision. Following a hearing, the trial court denied the motion. Thereafter, appellant pled no contest to the OVI blood alcohol content charge and the ACD charge in exchange for the dismissal of the OVI impaired charge. The trial court entered a finding of guilty on both charges and sentenced appellant accordingly. Appellant timely appeals, raising a single assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN OVERRULING HER MOTION TO SUPPRESS THE RESULTS OF THE BREATH ALCOHOL TEST."
 {¶ 7} Appellant argues that the results of the BAC test should have been suppressed because the test was not administered in substantial compliance with Ohio Department of Health ("ODH") regulations. In particular, appellant insists that the state failed to retain the results of instrument checks, calibration checks, and records of service and repairs on the BAC machine for the minimum three-year period. See Ohio Adm. Code 3701-53-04(E); *Page 3 3701-53-01(A).[1]
 {¶ 8} Appellate review of a ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 329, 332. The trial court, as the trier of fact, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mai, Greene App. No. 2005-CA-115, 2006-Ohio-1430, ¶ 9. A reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. The appellate court then determines as a matter of law, without deferring to the trial court's conclusions, whether the trial court applied the appropriate legal standard. Id.
 {¶ 9} This court recently revisited the respective burdens upon the defendant and the state when a motion to suppress alleges that the state failed to comply with the applicable laws in administering BAC or field sobriety tests. In State v. Plunkett, Warren CA2007-01-012,2008-Ohio-1014, the defendant filed a boilerplate motion to suppress evidence of intoxication obtained during a traffic stop. We noted that a defendant disputing the validity of a BAC test through a motion to suppress carries the initial burden of enumerating the motion's legal and factual bases with sufficient particularity to place the prosecutor and the trial court on notice of the issues to be decided in accordance with Crim. R. 47. Plunkett at ¶ 10, quoting State v. Shindler,70 Ohio St.3d 54, 1994-Ohio-452, syllabus.
 {¶ 10} Once the defendant satisfies this initial burden, the burden then shifts to the state to show that the BAC test was administered in substantial compliance with ODH regulations. Plunkett at ¶ 11, citingState v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 27. What thePlunkett decision emphasized, however, was that the extent of the state's *Page 4 
burden to show substantial compliance depends upon the level of specificity with which the
 {¶ 11} defendant challenges the legality of the BAC test. Where a motion to suppress raises only general claims, even if the applicable Ohio Administrative Code sections are cited therein, the state's burden to show substantial compliance with ODH regulations remains slight.Plunkett at ¶ 11-12, quoting State v. Jimenez, Warren App. No. CA2006-01-005, 2007-Ohio-1658, ¶ 25.
 {¶ 12} A defendant may raise this slight burden on the state by filing a more precise motion to suppress. That is, a motion providing factual bases specific to the defendant's case in support of his or her claims that particular ODH regulations were not followed. In the case at bar, appellant's boilerplate motion to suppress and supporting memorandum contained only general allegations and were noticeably devoid of any facts specific to appellant's case. Merely inserting "Defendant states as a factual basis" in front of the general allegations in the motion did not transform them into specific factual allegations sufficient to raise the burden on the state to show substantial compliance with ODH regulations. The burden on the state thus remained slight.
 {¶ 13} Appellant emphasizes that she attempted to conduct formal discovery in order to gather specific facts to raise the state's burden. Formal discovery is a tool advocated by this court to raise the burden on the state to show substantial compliance with ODH regulations. SeeState v. Embry, Warren App. No. CA2003-11-110, 2004-Ohio-6324, ¶ 28. When conducted prior to filing a motion to suppress, formal discovery can be used to adduce the specific facts necessary to file a more precise motion. When this method is followed and a defendant files a more precise motion to suppress, the state is put on notice of the defendant's specific claims prior to the hearing on the motion, thereby raising the burden on the state. See id.
 {¶ 14} Appellant, however, filed her discovery demand on September 6, 2007, the *Page 5 
same day she filed her motion to suppress. Thus, discovery was not used to obtain specific facts in order to make her suppression motion more specific and thereby raise the burden on the state. Appellant's discovery demand requested that the state provide her access to, among other things, all instrument checks and maintenance records for the instrument used to administer her BAC test. Appellant's October 9, 2007 motion to inspect evidence also prayed for an order allowing her access to the Ohio State Highway Patrol Post in Lebanon so that she may inspect the BAC instrument and its records.
 {¶ 15} On October 26, 2007, four and a half months after appellant's BAC test was administered, private investigator Jason Thomas Quinlan visited the Ohio State Highway Patrol Post in Lebanon at appellant's behest to inspect the BAC instrument and its records. According to his testimony at the suppression hearing, Quinlan spoke to a Trooper Jordan. Trooper Jordan informed Quinlan that the BAC instrument used to administer appellant's test was not available because it had been sent out for repairs. Trooper Jordan was also unable to locate the maintenance and repair records for this BAC instrument. On appeal, appellant highlights these omissions on the part of the state to support her argument that the state did not substantially comply with the ODH regulations on records retention. See Ohio Adm. Code 3701-53-04(E);3701-53-01(A).
 {¶ 16} After carefully reviewing the record, we find that the trial court properly denied appellant's motion to suppress. The evidence adduced at the suppression hearing supports the conclusion that the state met its slight burden to show substantial compliance with ODH regulations, thereby establishing that the BAC instrument was in proper working order when appellant's BAC test was administered.
 {¶ 17} Trooper Scott Adams, a senior operator of the BAC instrument for the Ohio State Highway Patrol Department, testified for the state at the hearing. He testified that he checked the instrument used in appellant's BAC test on June 10, 2007, just three days prior *Page 6 
to appellant's test. When investigator Quinlan was cross-examined by the state regarding the BAC records, he confirmed that the instrument was checked after appellant's test on June 17, 2007 as well. Both the June 10 and June 17 instrument checks yielded results that were within the required range of the target value. Trooper Adams also testified that the date of first use on the bottle for the calibration solution used in the June 10 instrument check was June 1, 2007, meaning the bottle had been first used only nine days before this check was conducted.
 {¶ 18} Trooper Adams further verified that he followed the DataMaster operational checklist when he calibrated the instrument. In addition, he testified that he performed the RFI check, and that the calibration solution was refrigerated prior to use and stored in a sealed container. When asked whether the BAC DataMaster records were kept for a period of three years, Trooper Adams responded in the affirmative.
 {¶ 19} Trooper Steele also testified for the state. A senior operator of the BAC instrument as well, Trooper Steele administered appellant's BAC test. He testified that he observed appellant for 20 minutes prior to the test, and followed the DataMaster operational checklist when he administered the test to her. There was a stipulation prior to the hearing that the test was conducted within the requisite time of the alleged violation.
 {¶ 20} Trooper Steele also testified about the records retention practices for the BAC DataMaster at the Ohio State Highway Patrol Post in Lebanon. He stated that there is an equipment sergeant at the post who is in charge of the DataMaster documents. The batch and bottle certificates are stored in the sergeant's office. Documents stored in the room where the DataMaster itself is housed include the logs for two years plus the current year, the BAC DataMaster direction book, the log that comes with it, and the operational manual.
 {¶ 21} Trooper Steele further testified that whether and when the instrument was taken out of or put back into service, or when it was recalibrated, are items entered into the monthly *Page 7 
log. The state had the original logbook for the month of June 2007, the month in which appellant's BAC test was administered, at the hearing. Trooper Steele verified that the BAC DataMaster used in appellant's test had not been taken out of service at all during the month of June 2007. The fact that the instrument was out for repair when Quinlan visited the Ohio State Highway Patrol Post in Lebanon in October 2007, over four months after appellant's test was administered, bears little relevance upon the operability of the instrument at the time of appellant's test. Finally, Dean Ward, Chief for the Bureau of Alcohol and Drug Testing, testified that the date of manufacture on the instrument check solution used in appellant's test was November 13, 2006.
 {¶ 22} We find that the above evidence was sufficient for the state to meet its slight burden to show substantial compliance with ODH regulations. The trial court could accept the testimony provided by Trooper Adams and Trooper Steele regarding the records retention practices at the Ohio State Highway Patrol Post in Lebanon as evidence that the state substantially complied with the records retention requirements imposed by ODH regulations.
 {¶ 23} Appellant places undue emphasis on Quinlan's failed attempt to retrieve the BAC DataMaster documents. The record does not indicate that the state intentionally barred appellant from accessing the documents. Quinlan visited the Ohio State Highway Patrol Post in Lebanon four days prior to the suppression hearing. It is unknown whether he made an appointment to provide notice to the troopers or arrived at the post unannounced. It is also unknown whether Quinlan ever spoke to the equipment sergeant, the person in charge of the DataMaster documents. The record does not indicate whether appellant, upon learning that the documents could not be located during Quinlan's visit, notified the state or the trial court of this fact. Appellant also never attempted to subpoena the records, which would have put all involved on notice. *Page 8 
 {¶ 24} The Plunkett decision emphasized the importance of exposing the facts in a case involving a motion to suppress in order to facilitate a fair and just decision on the motion. This court stated:
 {¶ 25} "A motion to suppress evidence in this kind of case is not designed to be a game of hide and seek to see if the state fails to give testimony on every issue raised in the broad motion. Here, the focus is a search for the truth to ascertain whether the BAC test was administered correctly. Both parties should have the opportunity to develop this issue and unearth the truth so that the trial court may rightly determine whether the suppression motion should be granted."Plunkett at ¶ 23.
 {¶ 26} The absence of the records at the patrol post on the date of Quinlan's visit does not mandate the conclusion that the records were not kept properly. This fact, alone, does not prove that the records were never created, kept irregularly, permanently lost, or something of that nature that would establish a tangible violation of Ohio Adm. Code 701-53-04(E) and 3701-53-01(A).
 {¶ 27} Appellant's boilerplate motion to suppress did not notify the state of this potential issue, even though appellant knew that it could be an issue prior to the suppression hearing. Had this issue been brought to the state's or the trial court's attention prior to the hearing, the full nature of the records retention for the BAC instrument could have been explored. Alternatively, once the potential issue was revealed at the hearing, the trial court could have properly continued the hearing in progress to permit the state the opportunity to gather and present evidence and appellant to gather and present rebuttal evidence on this newly-joined, specific issue. Plunkett at ¶ 24. The trial court, however, found the record to be sufficient to rule upon the motion, including the testimony provided by the officers regarding records retention at the post. In view of our analysis and review of the record, we cannot say that the court erred in overruling appellant's motion to suppress. *Page 9 
 {¶ 28} Because the record demonstrates that the state met its slight burden to show substantial compliance with the applicable ODH regulations, the trial court did not err in overruling appellant's motion to suppress. Appellant's first assignment of error is overruled.
 {¶ 29} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] Ohio Adm. Code 3701-53-04(E) provides: "Results of instrument checks, calibration checks and records of service and repairs shall be retained in accordance with paragraph (A) of rule 3701-53-01 of the Administrative Code." Ohio Adm. Code 3701-53-01(A) provides, in pertinent part: "Tests to determine the concentration of alcohol may be applied to blood, breath, urine, or other bodily substances. * * * The results of the tests shall be retained for not less than three years." *Page 1