**[Cite as *State v. Burns*, 2020-Ohio-2848.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28633 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-1925 |
| | : | |
| COLONEL LEE BURNS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of May, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} On September 17, 2019, Defendant-appellee, Colonel Lee Burns, moved the trial court to suppress evidence that had been obtained by officers with the City of Dayton Police Department during a traffic stop. The trial court sustained the motion in an order entered on December 9, 2019. Appealing from that order, Plaintiff-appellant, the State of Ohio, argues in a single assignment of error that the order should be reversed because the trial court applied the wrong standard to its consideration of Burns's motion.

{¶ 2} We find the State's argument to be well taken. Therefore, the order of December 9, 2019, is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 3} Early in the morning on January 16, 2019, Officer James Gallagher of the City of Dayton Police Department was patrolling in a marked police cruiser on Bentley Street in Dayton, near a residence "believed [at the time] to be an active drug house." Transcript of Hearing on Motion to Suppress 4:15-5:16, Oct. 17, 2019 (hereinafter "Hearing Transcript"). As he drove past, Officer Gallagher took note of a vehicle parked in the alley behind the residence, raising his suspicions. *See id.* at 6:9-7:3. The officer then drove to the end of the street and waited for the vehicle to emerge from the alley. *Id.* at 7:4-7:8.

{¶ 4} A few minutes later, Officer Gallagher saw the vehicle being driven from the alley, and he followed it from Bentley Street to Bickmore Avenue, heading towards the intersection of Bickmore Avenue and Valley Street. *See id.* at 7:9-7:17. The driver of the vehicle—Burns—turned onto Valley Street without activating the vehicle's turn signal

at least 100 feet in advance, so Officer Gallagher initiated a traffic stop.[1]   *Id.* at 7:18-8:3.

{¶ 5} After approaching Burns's vehicle, Officer Gallagher requested permission to conduct a search, but Burns refused.   *Id.* at 8:17-8:19.   The officer requested that a K-9 unit be dispatched to assist him, returned to his cruiser, and began to prepare a traffic citation.   *See id.* at 8:20-8:23 and 10:5-10:11.   Before he finished the citation, the K-9 unit arrived.   *Id.* at 13:3-13:17.   The K-9 unit's free air sniff resulted in an alert on the forward, driver's side door of Burns's vehicle, leading to a general search.   *Id.* at 13:18-13:24 and 15:9-15:11.   In the vehicle's trunk, Officer Gallagher found "three or four fairly large baggies" that contained "what appeared to be methamphetamines."   *Id.* at 15:12-16:3.   The officer arrested Burns and advised him of his *Miranda* rights.   *See id.* at 16:7-17:18.

{¶ 6} On July 5, 2019, a Montgomery County grand jury indicted Burns for one count of possession of methamphetamine, a second-degree felony pursuant to R.C. 2925.11(A) and (C)(1)(c).   Burns filed a motion to suppress on September 17, 2019, in which he asked the trial court to suppress all evidence obtained as a consequence of the traffic stop.   Following a hearing, at which the State presented the video captured by the camera system in Officer Gallagher's cruiser, the trial court sustained the motion to suppress in its order of December 9, 2019.   The State timely appealed to this court on December 13, 2019.

## II. Analysis

{¶ 7} For its single assignment of error, the State contends that:

---

[1] Burns did activate his vehicle's turn signal, albeit fewer than 100 feet from the intersection of Bickmore Avenue and Valley Street.   *See* Hearing Transcript 9:8-10:4.

THE TRIAL COURT ERRED IN GRANTING BURNS'[S] MOTION TO SUPPRESS, AS THE TRIAL COURT USED THE INCORRECT LEGAL STANDARD IN GRANTING THE MOTION.

{¶ 8} Appellate "review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trier of fact, a trial court "is in the best position to weigh * * * evidence * * * and evaluate [the credibility of] witness[es]," so an "appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 9, citing *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 12. Accepting the trial court's findings of fact as true, "the appellate court must then independently determine, without deference to the [trial court's legal] conclusion[s]," whether the "facts satisfy the applicable * * * standard." *Burnside* at ¶ 8, citing *Fanning* and *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (3d Dist.1997).

{¶ 9} Here, on consideration of Burns's motion to suppress, the trial court found that the video captured by Officer Gallagher's cruiser camera did not allow for a determination of whether Burns, in fact, failed to activate his vehicle's turn signal at least 100 feet from the intersection of Bickmore Avenue and Valley Street. *See* Decision, Order and Entry Sustaining Defendant's Motion to Suppress 5. The court held accordingly that "the evidence and testimony [was] insufficient to establish that there was <u>probable cause</u> for the traffic stop," and for that reason, it sustained the motion to suppress. (Emphasis added.) *Id.* The State argues that the court thereby erred,

because Officer Gallagher "did not need probable cause to stop [Burns's] vehicle," but only a "reasonable, articulable suspicion." Appellant's Brief 5-6.

{¶ 10} The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 8, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also State v. Taylor*, 138 Ohio App.3d 139, 145, 740 N.E.2d 704 (2d Dist.2000) (noting "the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article 1" of the Ohio Constitution "protect the same interests in a consistent manner"). Warrantless searches and seizures violate this prohibition unless conducted pursuant to one of the "few specifically established and well-delineated exceptions." (Citations omitted.) *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One of these exceptions "is commonly known as an investigative or *Terry* stop," which includes the temporary detention of motorists for the enforcement of traffic laws. *State v. Dorsey*, 10th Dist. Franklin No. 04AP-737, 2005-Ohio-2334, ¶ 17, citing *Terry*.

{¶ 11} The temporary "detention of [persons] during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment. (Citations omitted.) *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). An "automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances." *Id.* at 810. Generally, a police officer's decision to stop an automobile will comport with this requirement if the officer has a "reasonable suspicion" of criminal activity. *United States v. Lopez-Soto*, 205 F.3d 1101, 1104-1105 (9th Cir.2000); *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894

N.E.2d 1204, ¶ 23.

{¶ 12} We hold that the trial court erred by applying the wrong standard to its consideration of Burns's motion to suppress. As the State argues, Officer Gallagher needed only a reasonable suspicion of criminal activity, rather than probable cause, to justify a traffic stop. Although the video record—a two-dimensional image—created by Officer Gallagher's cruiser camera might not permit a definitive, independent determination of whether Burns activated his vehicle's turn signal at least 100 feet before he turned onto Valley Street, Officer Gallagher testified that at some time subsequent to the stop, he and another officer physically measured the distance between the spot at which Burns actually signaled a turn and the intersection of Bickmore Avenue and Valley Street; the distance was 75 feet. *See* Hearing Transcript 9:8-10:4. At the time he made the stop, of course, Officer Gallagher had had to rely on mere visual reckoning, yet even if that estimate were not sufficient to establish probable cause, the question presented to the trial court was whether the estimate sufficed to support reasonable suspicion.[2] The State's assignment of error is sustained.

### III. Conclusion

{¶ 13} The trial court applied the wrong standard to its consideration of Burns's motion to suppress. Therefore, the court's order of December 9, 2019, is reversed, and the case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

---

[2] The question of whether the estimate could have sufficed to establish probable cause is not before us.

FROELICH, J., concurs.

HALL, J., concurs:

I concur in the judgment reversing the trial court's granting of the motion to suppress. In my opinion, the trial court has already factually determined that the officer had a reasonable articulable suspicion to initiate the stop. Therefore, upon remand, in my opinion, further proceedings should start with the trial court's deciding the remaining issues raised in the motion to suppress that have not yet been addressed.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Travis Kane
Hon. Dennis J. Adkins