[Cite as *State v. Villella*, 2021-Ohio-1217.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28906 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-4699 |
| | : | |
| FRANCO VILLELLA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

NEAL D. SCHUETT, Atty. Reg. No. 0086034, 121 West High Street, Oxford, Ohio 45056
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Franco Villella appeals from his conviction on six counts of sexual battery. We hereby affirm the judgment of the trial court.

{¶ 2} In December 2018, Villella was initially indicted on one count of sexual battery in violation of R.C. 2904.03(A)(6) and one count of sexual battery in violation of R.C. 2907.03(A)(11), which relate to the victim being in "custody of law" or confined in a detention facility and the perpetrator being an authority figure or employee of the facility. He pled not guilty and filed a motion to suppress.

{¶ 3} A suppression hearing occurred on February 22, 2019. At the start the hearing, the court clarified that Villella's motion sought to suppress any statements on the basis that they were in violation of *Miranda*, and that Villella was not challenging the voluntariness of his statements. The parties also agreed that no statements were made prior to the interview.

{¶ 4} The evidence offered at the hearing was as follows:

{¶ 5} Detective Isaiah Kellar of the Montgomery County Sheriff's Office Special Investigations Unit for sex crimes testified that, on December 13, 2018, he was assigned to an investigation involving Villella. Villella was then employed as a corrections officer at the Montgomery County jail, and an inmate there had reported to staff that "she was sexually assaulted and forced to perform oral sex" by Villella at the jail.

{¶ 6} Kellar testified that he interviewed the victim, J.M., in his office on December 13, 2018, and that Sgt. Parin and Capt. Morgan of the Internal Affairs Division went to Villella's home to transport him to the Sheriff's Office on Second Street. Kellar stated that he learned from Morgan that the officers had placed Villella in the front seat of an unmarked law enforcement vehicle for transport, without handcuffs, and that they had not

discussed the case with him.

{¶ 7} Kellar testified that Villella arrived at the Sheriff's Office as he was finishing his interview with J.M. Morgan placed Villella in interview room 3, where his interview was audio- and video-recorded. Kellar stated that he entered the room, introduced himself to Villella, advised Villella that allegations of a criminal nature had been made against him, and informed Villella that he (Kellar) would read his *Miranda* rights to him. Kellar stated that he reviewed the pre-interview form of the Montgomery County Sheriff's Office with Villella, which set forth the *Miranda* rights. Kellar also verified Villella's age, date of birth, and Social Security number and advised Villella to ask questions if he had any as each right was read. After reading each right individually, Kellar instructed Villella to initial each one to acknowledge his understanding of it. According to Kellar, and as depicted on the video, Villella signed each one and said that he did not have any questions.

{¶ 8} Kellar testified that he then did "what's called a waiver form," wherein Villella reviewed the form and read it back to Kellar, and both of them signed it, before the interview began. Kellar identified State's Exhibit 1 as the recording of his interview, and he testified that it accurately represented the totality of the interview. He identified State's Exhibit 2 as a copy of the signed pre-interview form. The beginning portion of the interview, which reflected Kellar's advising Villella of his rights and Villella's acknowledgement of those rights, was played for the court.

{¶ 9} Kellar testified that there was no indication that Villella had difficulty understanding his rights or that he was under the influence. The entire interview lasted an hour to an hour and 15 minutes. Kellar stated that Villella did not invoke his right to

counsel or ask to stop the interview; Villella was provided a copy of a search warrant for his DNA, and then he was transported to the jail.

{¶ 10} At the conclusion of the evidence, the court indicated that it had carefully viewed the video and examined the pre-interview form. The court noted that Villella was 22 years old at the time with 14 years of schooling. The court made the following findings with respect to the interview:

> * * * Throughout what the Court has viewed and as confirmed by the testimony of Det. Kellar, Mr. Villella is coherent; he's not under the influence of any drugs; he's not handcuffed during this explanation of Miranda rights. The tone is conversational in the review of the Miranda rights. And the detective read each and every, verbatim, of the five Miranda rights, read them accurately and each time he - - as I saw it - - Mr. Villella gave a - - when asked, and he was asked each and every time, do you understand the right that was just read to him he nodded in the affirmative and confirmed that he understood each right by placing his initials. His initials are next to each and every one of the five Miranda rights.
>
> And then it was Mr. Villella who, himself, read the waiver of rights paragraph and he read, as I heard him on the video - - I read it at the same time - - he read accurately the entirety of the waiver of rights form paragraph including the statement "no promises or threats have been made and no pressure or coercion of any kind have been used against me and I understand and know what I am doing." There was - - he didn't understand the word "coercion" but that was explained by Det. Kellar. And he signed

the form.

So there's no coercion whatsoever. There was no intimidation exerted by Det. Kellar and so the Court is persuaded and the State's burden is by a preponderance of the evidence - - the Court is persuaded by the State and by a preponderance of the evidence that the defendant, Mr. Villella, knowingly, intelligently and voluntarily waived the Miranda rights, that his waiver was the product of his own and deliberate choice and there's a complete absence of any intimidation, coercion or deception. And he, Mr. Villella, had a full awareness of all of the Miranda rights that were read to him verbatim and he confirming each and every time he understood each and every Miranda rights and he understood the consequences of waiving those Miranda rights.

And so, therefore, in considering the totality of the circumstances, the Court overrules the motion to suppress.

The court issued a written decision on the same day as the hearing, February 22, 2018.

{¶ 11} On April 10, 2019, a "B" indictment was issued charging Villella with two counts of sexual battery in violation of R.C. 2907.03(A)(6) (Counts 1 and 3) and two counts of sexual battery in violation of R.C. 2907.03(A)(11) (Counts 2 and 4), all felonies of the third degree. In a motion filed on August 6, 2019, the State explained that the initial indictment was related to acts that occurred on December 11, 2018, and that the second indictment related to acts that occurred between August 20, 2018 and October 30, 2018. The State requested that the numbering of the counts in the "B" indictment be amended to continue the numbering of the counts in the original indictment, so that

Counts 1 through 4 in the "B' indictment became Counts 3 through 6. The court sustained the motion.

{¶ 12} On July 17, 2020, Villella pled no contest to all counts, and the trial court found him guilty. The court merged Counts 1 and 2, Counts 3 and 4, and Counts 5 and 6, and it imposed five years on each count, to be served concurrently. In doing so, the court recognized that Villella had no criminal history, but expressed its concern that in the presentence investigation report (PSI) he had indicated it was "a mistake."

\* \* \* By no means this was not a mistake. \* \* \*

\* \* \*

You took advantage of these vulnerable women who are already at a low point in their lives. You became a corrections officer, I believe, July of 2018 and by December you're being indicted for these offenses. It's almost as if you sought this position out to fulfill some sort of perverted sexual desire. But what's most disturbing is the amount of finger-pointing in your offender's statement - - she made inappropriate comments, she called you over, she had her pants down, "she asked me to have sex, she began unbuttoning my pants, she attempted to do oral sex." At the end of the day, it was your decision and your lack of judgment. You used your position of power and authority as a sworn officer to not protect but to victimize.

{¶ 13} Villella appeals, raising three assignments of error. We will begin with his third assignment of error, which states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE

DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS WHEN IT OVERRULED HIS MOTION TO SUPPRESS.

{¶ 14} Villella asserts that he was "was subjected to express questioning" at the Montgomery County Sheriff's Office about events alleged to have occurred in December 2018 with inmate J.M., and that multiple officers "had contact with" him during his transport and when he was placed in an interview room prior to being advised of his *Miranda* rights. He argues that, because he "was in the custody of law enforcement officers and subjected to express questioning, the trial court erred in denying [his] motion to suppress."

{¶ 15} The State responds by pointing out that Villella does not even allege, much less establish, that he was subjected to custodial interrogation without being advised of his rights, so his argument is without merit. The State also notes that the parties agreed that Villella had not made any statements while in custody prior to his interview with Detective Kellar, and that the video of Villella's interview, which was admitted into evidence, reflected that Villella understood his rights, and knowingly, intelligently, and voluntarily waived them.

{¶ 16} As this Court has noted:

Appellate "review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trier of fact, a trial court "is in the best position to weigh * * * evidence * * * and evaluate [the credibility of] witness[es]," so an "appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1

Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 9, citing *State v. Cruz*, 12th Dist. Preble No. CA2013-10-008, 2014-Ohio-4280, ¶ 12. Accepting the trial court's findings of fact as true, "the appellate court must then independently determine, without deference to the [trial court's legal] conclusion[s]," whether the "facts satisfy the applicable * * * standard." *Burnside* at ¶ 8, citing *Fanning* and *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (3d Dist.1997).

*State v. Burns*, 2d Dist. Montgomery No. 28633, 2020-Ohio-2848, ¶ 8.

{¶ 17} This Court has further noted:

Under the Fifth Amendment to the United States Constitution, no person shall be compelled to be a witness against himself or herself. In order to ensure that this right is protected, statements resulting from custodial interrogations are admissible only after a showing that the procedural safeguards described in *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), have been followed. *State v. Earnest*, 2d Dist. Montgomery No. 26646, 2015-Ohio-3913, ¶ 21. To counteract the coercive pressure of custodial interrogations, police officers must warn a suspect, prior to questioning, that he or she has a right to remain silent and a right to the presence of an attorney. *Maryland v. Shatzer*, 559 U.S. 98, 103–104, 130 S.Ct. 1213, 175 L.Ed.2d 1045 (2010), citing *Miranda*.

A "suspect may effectively waive [his or her *Miranda*] rights * * * only

if the waiver is made voluntarily, knowingly and intelligently." *State v. Dailey*, 53 Ohio St.3d 88, 91, 559 N.E.2d 459 (1990), citing *Miranda* at 444, 86 S.Ct. 1602. Thus, a court may recognize the validity of a waiver of *Miranda* rights only if it finds that (1) "the relinquishment of the right[s] [was] voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception[,]" and (2) the person had "a full awareness of both the nature of the right[s] being abandoned and the consequences of the decision to abandon [them]." *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986); *State v. Marejka*, 2d Dist. Montgomery No. 27662, 2018-Ohio-2570, ¶ 14. "[A] suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police." *Berghuis v. Thompkins*, 560 U.S. 370, 388-389, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010). Courts examine the totality of the circumstances to determine whether a suspect has knowingly, intelligently, and voluntarily waived his or her *Miranda* rights. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844 (1988).

The opportunity to exercise *Miranda* rights exists throughout the interrogation, and thus, the interrogation must cease when the defendant exercises his right to end the questioning. *State v. Villegas*, 2d Dist. Montgomery No. 27234, 2017-Ohio-2887, ¶ 13; *State v. Miller*, 7th Dist. Mahoning No. 13 MA 12, 2014-Ohio-2936, ¶ 41, citing *Miranda* at 473-474, 86 S.Ct. 1602 and *Michigan v. Mosley*, 423 U.S. 96, 104, 96 S.Ct. 321, 46

L.Ed.2d 313 (1975) (recognizing that a defendant's right to "cut off questioning" must be "scrupulously honored").

"In deciding whether a defendant's confession is involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *State v. Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph two of the syllabus, overruled on other grounds, 438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155 (1978). *See also State v. Brewer*, 48 Ohio St.3d 50, 58, 549 N.E.2d 491 (1990); *State v. Beaty*, 2d Dist. Montgomery No. 24048, 2011-Ohio-5014, ¶ 16.

In general, the State has the burden to show by a preponderance of the evidence that a defendant's confession was voluntarily given. *State v. Melchior*, 56 Ohio St.2d 15, 381 N.E.2d 195 (1978).

*State v. White*, 2018-Ohio-3076, 118 N.E3d 410, ¶ 16-21 (2d Dist.).

{¶ 18} The State correctly points out that it was undisputed that Villella was not questioned until after he was advised of his *Miranda* rights. The video of the advisement reflected a conversational tone between Kellar and Villella during which each right was individually explained in the absence of intimidation, coercion, and deception. The video also reflected that Villella made a free and deliberate choice to waive his rights while fully aware of the consequences. Villella did not attempt to stop the interview or request counsel, and he signed the waiver of rights form. Based upon the totality of

circumstances, Villella's third assignment of error is overruled.

{¶ 19} We will next consider Villella's first and second assignments of error:

THE TRIAL COURT'S MAXIMUM SENTENCE WAS CONTRARY TO LAW, THE TRIAL COURT'S MAXIMUM SENTENCE WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

{¶ 20} In his first assignment of error, Villella acknowledges that his five-year sentence was within the statutory range. He claims, however, that the trial court "relied upon factual inaccuracies" when imposing his sentence, and thus the sentence was contrary to law notwithstanding that it was within the statutory range. Villella directs our attention to the court's statement that "It's almost as if you sought this position out to fulfill some sort of perverted sexual desire." He argues that this conclusion was "wholly outside the record, had no basis in fact, was unfounded and speculative, and, most importantly, was prejudicial to him. Villella asserts that this inference violated his due process rights, because the court did not limit its consideration to "only relevant, material, and competent evidence" when imposing sentence, as required by Ohio law.

{¶ 21} In his second assignment of error, Villella asserts that the court's "unfounded conclusion" was a "substantial factor" in its imposition of the maximum term of five years, although the record contained no evidence that Villella had a "premeditated reason to seek employment as a corrections officer or that [his] employment decisions were motivated by sexual desires." He argues that he has established by clear and convincing evidence that the record did not support his maximum sentence.

{¶ 22} The State responds that the court sentenced Villella "to a term authorized by statute," and that he "falls far short of clearly and convincingly showing" that his

sentence was contrary to law. Regarding his second assignment of error, the State argues that Villella "confuses the standard of review," because the record need not clearly and convincingly support his sentence; rather, he must clearly and convincingly show that it does not. The State cites R.C. 2953.08(G)(2).

{¶ 23} The State asserts that the trial court's comment made the relevant point that Villella sexually battered inmates "soon after being on his own as a corrections officer." The State also directs our attention to *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d__, ¶ 28, which provides in part:

> R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(E) and (C)(4), and 2929.20(I) are specified.

According to the State, Villella does not argue that the trial court erred in making any finding under those divisions, because the trial court made no such findings, and that the seriousness factors under R.C. 2929.12(B) supported Villella's sentence.

{¶ 24} Villella's sentence was within the statutory range for felonies of the third degree. R.C. 2929.14(A)(3)(a). The record reflects that the court indicated that it had considered the factors in R.C. 2929.11 and R.C. 2929.12. The court's statement that "[i]t's almost as if you sought this position out to fulfill some sort of perverted sexual desire" did not render Villella's sentence contrary to law. The court was free to consider any relevant factor in imposing sentence; the court merely commented that the brief interval

between Villella's initial employment as a corrections officer and his indictment perhaps suggested that Villella sought a position of authority to facilitate his sexual offenses for his own gratification.

{¶ 25} Villella's first and second assignments of error are overruled.

{¶ 26} Having overruled Villella's assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Neal D. Schuett
Hon. Gerald Parker